905 F.2d 1531
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael SINDRAM, Plaintiff-Appellant,
v.
NISSAN MOTOR CORPORATION IN U.S.A., INC.; Adesco, Inc; S &
R, Inc., t/a Vob, Ltd; Herb Gordon Auto World, Inc.; Apple
Motors, Inc; Ritter's Nissan, Ltd., Incorporated; Martens
Nissan; Capitol Nissan, Inc; Ted Britt Motors, Defendants-Appellees.
 No. 90-2646.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 7, 1990.
Decided May 16, 1990.
Rehearing and Rehearing In Banc Denied June 4, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (C/A No. 89-1475-HAR)
 Michael Sindram, appellant pro se.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Sindram, a Maryland citizen, appeals from the district court's order dismissing his amended 42 U.S.C. Sec. 1983 complaint for failure to state a claim and for lack of diversity jurisdiction. Appellant filed a civil action for breach of contract and for an unspecified tort against the Nissan Motor Corporation and a number of Maryland and District of Columbia automobile dealerships and service centers. Appellant sought $16,500 in compensatory damages and $75,000 in punitive damages for the defendants' alleged failure to properly service his Nissan vehicle under the terms of an extended service warranty. Because there was not complete diversity between the plaintiff and all of the defendants there was no diversity jurisdiction. The district court, therefore, properly dismissed the complaint without prejudice for lack of jurisdiction. Appellant filed a timely motion to reconsider the district court's order, which was denied. Appellant did not appeal.
 
 
 2
 Several months later, appellant, without obtaining leave of court, filed an amended complaint. The amended complaint stated the same cause of action as the earlier complaint and was brought against the same defendants. In addition to asserting diversity jurisdiction, however, appellant also purported to invoke the court's jurisdiction under 42 U.S.C. Sec. 1983. In that regard, appellant named a number of Maryland state court judges, a Maryland federal district court judge, a Maryland federal magistrate, and the clerk and the Chief Justice of the United States Supreme Court as additional defendants. The allegation against the additional defendants was that they had "obstructed the expeditious administration of justice." The alleged "obstructions" were adverse rulings or actions on appellant's cases.
 
 
 3
 The district court dismissed the amended complaint. The court noted that appellant had filed the amended complaint without obtaining leave of court to do so. The court concluded, however, that even if the amended complaint was accepted, the court would have no jurisdiction to hear the case because it failed to state a claim under Sec. 1983 and because diversity jurisdiction was still lacking.
 
 
 4
 We find no error in the district court's order. Instead of seeking leave of the court to file an amended complaint which did not suffer from the earlier jurisdictional defect,* appellant sought to invoke the court's federal question jurisdiction by including conclusory and frivolous allegations against what appears to be every judge or judicial officer having any contact with his case. The mere fact that a particular court's ruling is not to the litigant's liking, however, does not convert that court's ruling to a claim actionable under Sec. 1983. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 There must be complete diversity of citizenship in order for the district court to have diversity jurisdiction over the action. That is, no defendant can be a citizen of the same state as the plaintiff